IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSWALD NELSON, )<br>)<br>Plaintiff, )<br>) NO. 3:21-cv-00007<br>v. )<br>) JUDGE CAMPBELL<br>CORECIVIC, )<br>)<br>Defendant. ) | |

## MEMORANDUM

Plaintiff Oswald Nelson, a Tennessee resident, filed a pro se Complaint against CoreCivic.[1] (Doc. No. 1). Nelson also submitted an application to proceed as a pauper. (Doc. No. 2). This matter is before the Court for a ruling on the application and initial review of the Complaint.

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff, a 38-year old man, receives a modest monthly disability insurance payment, and he reports no significant assets or expenses. (Doc. No. 2). Based upon the information presented in the application, the Court concludes that Plaintiff cannot pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

---

[1] Although "Buffalo Valley" and "Bro We Got You, Inc" are listed as Plaintiffs in this matter, the Complaint suggests that Plaintiff merely resides at or avails himself of the services of these entities. (*See* Doc. No. 1.) Plaintiff does not purport to represent these entities, and they are not signatories to the Complaint. Accordingly, based on the totality of the Complaint, the Court construes Plaintiff in this matter to be Oswald Nelson.

## II. INITIAL REVIEW

The Court must conduct an initial review of the Complaint and dismiss any action filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

### A. Standard of Review

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v.*

*Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Factual Allegations**

The Complaint in this case is not a model of clarity. To the extent that it can be deciphered, Plaintiff alleges that CoreCivic has "prov[ed] they can't reform or rehabilitate" 85% of the prison population in "all 52 states." (Doc. No. 1 at 3). In particular, Plaintiff complains about CoreCivic's handling of "drug and alcohol and mental health" issues; "security and safety issues" resulting in "people dying"; inmates bringing "old learned behaviors . . . back to society after long incarceration"; and inmates being "deprived of rehabilitation." (*Id.* at 4). Plaintiff contends that these failures cause states to lose "twice" when inmates' problems recur upon re-entry to society. (*Id.* at 5).

**C. Discussion**

Plaintiff brings a claim against CoreCivic under 42 U.S.C. § 1983 for violating the Eighth Amendment of the U.S. Constitution.[2] (*Id.* at 3). The Complaint must be dismissed for two threshold reasons.

First, a pro se plaintiff does not have standing to bring claims on behalf of others. *See Oliver v. Pogats*, No. 91–1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992); *Huntsman v.*

---

[2] Although Plaintiff checked the box for a *Bivens* claim rather than a Section 1983 claim, he completed the section explaining the basis for a Section 1983 claim. (*See* Doc. No. 3 at 3.) Taking into account that Plaintiff's claim concerns the actions of CoreCivic in the "states," the Court concludes that Plaintiff intended to bring a Section 1983 claim.

*Sumner Cnty. Jail*, No. 3:19-CV-01088, 2020 WL 1061886, at *2 (M.D. Tenn. Mar. 5, 2020). Lack of standing implicates the case-or-controversy requirement of Article III of the U.S. Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As relevant here, 28 U.S.C. § 1654 "permits individual parties to 'plead and conduct their own cases personally or by counsel,' [but] this provision does not authorize a non-attorney to bring suit on behalf of a third person." *Cole v. Robertson Cnty. Sheriff's Dep't*, No. 3:18-cv-0497, 2018 WL 3328075, at *2 (M.D. Tenn. July 6, 2018) (citing *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 769 (W.D. Tenn. 2013)); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that Section 1654 does not permit plaintiffs to appear pro se where interests other than their own are at stake). Thus, "a pro se plaintiff who alone signs a complaint typically does not have standing to advance pro se claims on a [third party or parties'] behalf." *Huntsman*, 2020 WL 1061886, at *2.

Second, courts generally recognize that a cause of action under Section 1983 is "entirely personal to the direct victim of the alleged constitutional tort," and thus "only the purported victim . . . may prosecute a section 1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see also Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984) (noting that a Section 1983 claim "is a personal action cognizable only by the party whose civil rights ha[ve] been violated"). In other words, "an individual typically cannot bring suit under Section 1983 based on violations of a third person's constitutional rights." *Huntsman*, 2020 WL 1061886, at *2; *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Here, the Complaint runs afoul of both of these principles. Plaintiff asserts no violation of his own Eighth Amendment rights. Rather, he alleges – in the most general sense – that CoreCivic

4

has violated the rights of an unnamed third-party inmate population. As a pro se litigant, Plaintiff does not have standing to bring any claim on behalf of third-party CoreCivic inmates. Nor may he maintain a Section 1983 claim based on CoreCivic's alleged violation of the Eighth Amendment rights of those third-parties. Accordingly, because the Court cannot discern a Section 1983 claim against CoreCivic that is personal to the pro se Plaintiff in this case, the Complaint must be dismissed. Dismissal will be without prejudice so Plaintiff may, if he desires, assert any personal claim in a future action.[3]

### III. CONCLUSION

For the reasons explained above, the Complaint will be dismissed without prejudice. An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Court makes no comment on the viability or timeliness of any such claim.

5

Case 3:21-cv-00007   Document 6   Filed 02/03/21   Page 5 of 5 PageID #: 25